UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

NICK N. PAPEDELIS,                         ) CASE NO. 1:05 CV 0177
                                           )
                      Plaintiff,           )
                                           )
          -vs-                             ) ORDER
                                           )
EQUIFAX INFORMATION SERVICES,              )
LLC, et al.,                               )
                                           )
                      Defendants.          )

_____


UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 2 February 2005, plaintiff Nick N. Papadelis ("Papadelis") filed this action

against twelve defendants, enumerated below, seeking relief in two separate claims

pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  For the reasons set

forth below, this Court disposes of all pending motions in this action and, further, orders Mr.

Papedelis to show cause why any of the remaining defendants should not be dismissed for

lack of jurisdiction.

Count I of Mr. Papadelis' action lies against defendants Equifax Information

Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union,

LLC ("Trans Union"), and the Internal Revenue Service ("IRS"), for failure to comply with a

settlement agreement memorialized by United States District Court Judge Dan A. Polster

in <u>Nick N. Papadelis v. Equifax Information Serv., LLC, et al.</u>, 1:03 cv 00259. Judge

Polster retained jurisdiction over that settlement agreement.

Accordingly, on 10 May 2005, this Court transferred Count I of Mr. Papadelis' action

to Judge Polster with his consent. (ECF # 23). On 18 May 2005, Judge Polster filed a

Post-Judgment Order construing Count I to be a post-judgment motion to enforce the

settlement agreement in the above-captioned case, No. 1:03 CV 259. As a result of

discussions with the parties Judge Polster determined the tax lien referenced on Mr.

Papadelis' credit report was not incorrect. Accordingly, the Judge issued an Order which

denied as moot Mr. Papadelis' post-judgment motion to enforce the settlement

agreement.[1] (No. 1:03 CV 259, ECF # 28) With the resolution of Count I of Mr. Papadelis'

action, the IRS motion to dismiss, filed with this Court, is also declared moot as the IRS is

not a defendant in the remaining complaint before this Court. (ECF # 5).

The remaining complaint, consisting of Count II of Mr. Papadelis' action, contains

eight separate allegations. The first two allegations involve defendants Equifax, Experian

and Trans Union in the following assertions. First, the plaintiff alleges the three defendants

continue to erroneously report a judgment against Mr. Papadelis for $55,000.00.

(Complaint ¶ 12a). Second, the plaintiff alleges Experian continues to report the use of

several names never used by Mr. Papadelis. (Complaint ¶ 12b). In his Post-Judgment

Order, Judge Polster also reached and settled those two issues with the named parties

while he "had counsel on the telephone." (ECF # 28). Consequently, because those two

claims have settled, this Court will dismiss each from Mr. Papadelis' remaining action. As

---

[1]    Judge Polster also advised plaintiff's counsel to "comply with the reporting agencies' dispute resolution procedures before filing any more FCRA suits against Defendants in this district court." (ECF #28 at 4).

a result of that dismissal, Mr. Papadelis has no remaining claims against defendants Equifax, Experian and Trans Union and this Court will dismiss them as party defendants. Accordingly, Experian's Motion to Reassign the Case to Judge Polster, (ECF # 13), is denied as moot, and Equifax's motion to dismiss, (ECF #15), is also denied as moot.

In addition, Mr. Papadelis and two other defendants, Allied International, Inc. ("Allied) and SBC Ameritech ("SBC") filed a Stipulation of Joint Voluntary Dismissal with Prejudice on 13 May 2005.  (ECF # 25).  Pursuant to Fed. R. Civ. P. 41(a)(1)(i), a plaintiff may voluntarily dismiss its claims, without an order of court, by filing a notice of dismissal before an adverse party serves an answer or a motion for summary judgment.  Defendants have not filed an answer to the complaint or a motion for summary judgment.  Therefore, defendants Allied and SBC are dismissed from this action with prejudice.

Six defendants now remain in this action.  Mr. Papadelis alleges that Charter One Bank ("Charter One") and Oxford Collection Agency ("Oxford") have violated the FCRA with regard to a mortgage loan and a credit card account. (Count II, ¶ 12 c. & d.).  He also avers that Marlin Integrated/NCO ("Marlin") and The East Ohio Gas Company ("East Ohio Gas") erroneously show an account as unpaid and in collection. (Count II, ¶ 12e).  The remaining action also includes the assertion that Hudson Keyse LLC ("Hudson Keyse") erroneously continues to show a medical account in collection which is disputed by Mr. Papadelis. (Count II, ¶ 12f).  Finally, the claim includes the allegation that First Merit Bank ("First Merit") erroneously continues to show an unpaid mortgage.  (Count II, ¶ 12g).

Reviewing plaintiff's action, this Court harbors grave doubts as to whether any of the six remaining defendants have acted, with regard to Mr. Papadelis, as either a "consumer reporting agency" under the FCRA, 15 U.S.C. §§ 1681(b), 1681a(d), 1681a(f), or as a

"debt collector" under the FDCPA, 15 U.S.C. § 1692(a)(6).  Accordingly, this Court directs

Mr. Papadelis to show cause why this Court should not dismiss each of the six remaining

defendants.  Mr. Papadelis must file his response to this Order with the Court on or before

17 June 2005.


       IT IS SO ORDERED.


                                          /s/Lesley Wells
                                      UNITED STATES DISTRICT JUDGE


Dated: 7 June 2005